21888. CHARLOTTE INCORPORATED *v.* SKELTON.

DECIDED DECEMBER 16, 1931.

*Isaac M. Wengrow, George B. Tidwell, Sidney Smith,* for plaintiff.

*Morgan S. Belser* and *Paul S. Etheridge & Sons,* for defendant.

LUKE, J. A distress warrant for accruing rentals in the sum of $22,500 for the unexpired portion of a lease of premises for business purposes was sued out by Charlotte Incorporated, landlord, against Martha Skelton, tenant, who filed her counter-affidavit denying any indebtedness to her landlord and averring, by way of defense, that at the time of the distraint the lease had been terminated by reason of the fact that the landlord had breached a material condition thereof.

On the trial it developed that under the stipulations of the lease the tenant had the exclusive right to use the leased premises for the conduct of a retail millinery business and no other, as one of the departments of the landlord's main store,—that is to say, for "the vending and sale of ladies' hats and millinery supplies, to sell from $5 and up, excepting at such times of the season when clearences of merchandise becomes necessary may these hats be sold at lower prices;" and that the landlord agreed that it would not "vend

or sell, or permit to be vended or sold, in any part of said building other than the premises hereinbefore described, any goods, wares, or merchandise of the kind and character to be vended and sold by said lessee in said premises." It further appeared, from uncontradicted evidence, that the landlord had displayed and sold in another department what is known by the trade name as an "ensemble," consisting of a dress and coat, or dress and skirt, and beret. And, inferentially at least, the ensemble might consist of a dress and coat, or blouse and skirt, or sweater and skirt, with or without the beret. A beret, let it be observed, is a type of hat, or, perhaps more accurately, a type of cap, intended to be worn upon the head. After making a verbal protest against the practice referred to, the tenant gave written notice of her intention to terminate the lease and discontinue the payment of rentals, for the reason, as she contended, that this practice was in violation of the provisions of her lease, even though the beret were sold as a part of and attached to the "ensemble." The jury returned a verdict for the defendant. The plaintiff's motion for a new trial was denied, and exceptions were taken.

The grounds of the motion for a new trial numbered from 4 to 10, inclusive, involve rulings on the admissibility of certain evidence. We are unwilling to devote the required space to a discussion of these grounds seriatim. Some of the interrogations to the witnesses were manifestly improper; none of the grounds properly shows what answer was intended to be elicited from the witness; and in no instance does it sufficiently appear that the plaintiff was injured or prejudiced, or that, had the rulings been in favor of the plaintiff's contentions, a different verdict would probably have resulted.

The remaining special grounds, from 12 to 15, inclusive, complain of portions of the court's charge to the jury. We perceive no error in any of these specifications; and our examination of the entire charge convinces us that the jury were instructed fully, fairly, and impartially.

The issue raised was peculiarly one within the jury's power to determine, and we see no reason to interfere with the verdict.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*